UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 22-21796-CIV-MORENO/GOODMAN

JOSE BASULTO, and BROTHERS TO
THE RESCUE, INC.,

    Plaintiffs,

v.

NETFLIX, INC., a Delaware corporation,
ORANGE STUDIOS, S.A., a French anonymous
society, OLIVIER ASSAYAS, an individual,
NOSTROMO PICTURES, SL, a Spanish
corporation, US ONE COMERCIO
E SERVICIOS DE CRIACAO E PRODUCAO
DE OBRAS COM DIREITOS AUTORAIS, LTD, a
Brazilian limited company, CG CINEMA, SASU,
a French simplified joint stock company, RODRIGO
TEIXEIRA, an individual, CHARLES GILLIBERT,
an individual, and LOURENCO SANT'ANNA, an
individual,

    Defendants.
_____/

## ORDER DENYING MOTION TO STRIKE

In this defamation lawsuit, Plaintiffs Jose Basulto and Brothers to the Rescue, Inc. filed an "Expedited Motion to Strike Defendants' Improper Filing for Violation of Local Rules and Federal Rules of Civil Procedure." [ECF No. 65]. Defendants Orange Studio,

S.A., Charles Gillibert, CG Cinema International[1], Rodrigo Teixeira, Lourenço Sant'Anna and US One Comércio e Serviços de Criação e Produção de Obras com Direitos Autorais LTD (collectively, the "Foreign Defendants") filed an opposition response. [ECF No. 67]. Senior United States District Court Judge Federico A. Moreno referred to the Undersigned all pretrial matters for an Order on non-dispositive motions and for a Report and Recommendations on dispositive motions. [ECF No. 68].

Plaintiffs' motion concerns the Foreign Defendants' response to Plaintiffs' Motion for Discovery and for an Order Permitting Plaintiffs to Supplement Their Opposition to Defendants' Motion to Dismiss for Lack of Jurisdiction [ECF No. 60]. Plaintiffs filed the instant motion on December 5, 2022. [ECF No. 65]. They say that an expedited ruling is necessary because their reply to Defendants' response is due on December 6, 2022. However, as of the writing of this Order, that date has passed, and Plaintiffs have already filed their reply. [ECF No. 66].[2]

---

[1] Although identified in the Complaint as CG Cinema SASU, the Foreign Defendants say that CG Cinema International is the correct moniker.

[2] On CM/ECF, Plaintiffs labeled their reply as being in support of the instant motion, rather than their motion for discovery. [ECF No. 66]. However, the filed document reveals that it is actually a reply in support of their motion for discovery.

Given the nature and overlapping arguments of the other pending motions in the case -- which all concern whether there is personal jurisdiction over the Foreign Defendants and whether Plaintiffs should be permitted to engage in discovery prior to ruling on the Foreign Defendants' motion to dismiss -- the Undersigned **denies** Plaintiffs' Motion. Further, Plaintiffs' justification for seeking an expedited ruling due to the December 6, 2022 deadline to file their reply has been mooted by the filing of their reply.

Striking the Foreign Defendants' Response would require the Undersigned to either permit the Foreign Defendants additional time to file a new response and also permit Plaintiffs additional time to file a reply or would require the Undersigned to prohibit Defendants from filing a response, which Plaintiffs would likely argue means their motion should be granted by default. The first option would neither serve judicial economy nor be a productive use of the litigants' time, and the second option would be overly punitive.

Although the Undersigned is not striking the Foreign Defendants' response, that does not mean that all requests and arguments within the Foreign Defendants' response will be considered. The following principles of law will guide the Undersigned's consideration of the parties' memoranda:

First, affirmative requests for relief must be made in independent motions, not buried in a legal memorandum. In a circumstance similar to the instant matter, the Eleventh Circuit stated the following:

> Plaintiffs' contention that they wrongfully were deprived of leave to amend their complaint prior to dismissal is unpersuasive. Just as Plaintiffs never moved for a continuance to permit discovery, Plaintiffs never filed a motion for leave to amend the complaint. Instead, in one of their memoranda to the district court, they wrote: "If necessary, plaintiffs respectfully request that the Court provide them with an opportunity to file an amended complaint." The Federal Rules require that any "application to the court for an order shall be by motion which . . . shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Fed. R. Civ. P. 7(b). Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly. *See Kelly v. Kelly*, 901 F. Supp. 1567, 1570 (M.D. Fla. 1995).

*Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999) (footnote removed) (internal citations to footnotes omitted).

Second, incorporating other documents by reference is nothing more than an indirect way to avoid the page limitation set by the Court for summary judgment motions. *See Happy Tax Franchising, LLC v. Hill*, No. 19-24539-CIV, 2021 WL 3811041, at *3 (S.D. Fla. June 7, 2021), report and recommendation adopted sub nom. *Happy Tax Franchising, LLC v. JL Hill Grp., LLC*, No. 19-24539-CIV, 2021 WL 3793050 (S.D. Fla. Aug. 26, 2021) (refusing to consider arguments incorporated by reference because such arguments attempt to avoid the page limits set by the courts); *Lane v. United States*, 338 F. Supp. 3d 1324, 1341 n.12 (S.D. Ga. 2018) (same). District courts in this Circuit have similarly refused to consider arguments raised in this fashion, noting the impropriety of the tactic and the burden it places on the court:

4

> The parties purport to "incorporate" all or portions of prior briefs on prior motions into their present briefs on the instant motions. By local rule, principal briefs cannot exceed 30 pages, and reply briefs cannot exceed 15 pages. Local Rule 7.1(b). The parties are fully aware of this rule, since SEPH sought leave to file a 34–page principal brief and the plaintiff sought leave to file a 19–page reply brief. Neither sought leave to further exceed the page limits by incorporating previous briefing. "[W]hen a party incorporates by reference an entire section of another brief, . . . the incorporated section should count against" the page limits established by local rule. *Bryant v. Jones*, 2006 WL 584762 at *6 (N.D. Ga. 2006). The parties' tactic "is improper and foists upon the Court the burden of sifting through irrelevant materials to find the materials referenced while permitting the movant to circumvent this Court's page limit." *Mobile Shelter Systems USA, Inc. v. Grate Pallet Solutions, LLC*, 845 F. Supp. 2d 1241, 1253 (M.D. Fla. 2012). Like its sister courts, the Court "will not countenance any attempt to avoid the page limit requirement of the Local Rules." *Id.* The materials purportedly incorporated are not before the Court and will not be considered in resolving the instant motions.

*FNB Bank v. Park Nat. Corp.*, No. CIV.A. 13-0064-WS-C, 2013 WL 6842778, at *1 (S.D. Ala. Dec. 27, 2013).

On the second issue, the Foreign Defendants claim that their response is doubled-spaced and because the Local Rules permit one-and-one-half line spacing, their motion is technically shorter than that allowed by the Local Rules and any incorporated argument, therefore, would not run afoul of the Local Rules' page limitation. However, the Local Rules do not create exceptions for pleadings formatted in ways which might shorten the available amount of space. *Porter v. Collecto, Inc.*, No. 14-21270-CIV, 2014 WL 2612317, at *1 (S.D. Fla. June 11, 2014) ("[T]he local rules do not permit an exception for briefs filed in comically large font, nor do they require the Court to go through the effort of

5

standardizing party briefs to a common font in order to determine whether they are in compliance with length requirements.").

Therefore, having considered all relevant factors, the Undersigned **denies** Plaintiffs' Motion.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, on December 8, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All counsel of record