UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 22-21796-CIV-MORENO/GOODMAN

JOSE BASULTO, and BROTHERS TO
THE RESCUE, INC.,

    Plaintiffs,

v.

NETFLIX, INC., a Delaware corporation,
ORANGE STUDIOS, S.A., a French anonymous
society, OLIVIER ASSAYAS, an individual,
NOSTROMO PICTURES, SL, a Spanish
corporation, US ONE COMERCIO
E SERVICIOS DE CRIACAO E PRODUCAO
DE OBRAS COM DIREITOS AUTORAIS, LTD, a
Brazilian limited company, CG CINEMA, SASU,
a French simplified joint stock company, RODRIGO
TEIXEIRA, an individual, CHARLES GILLIBERT,
an individual, and LOURENCO SANT'ANNA, an
individual,

    Defendants.
_____/

## OMNIBUS ORDER ON RELATED DISCOVERY-ORIENTED MOTIONS

In this defamation lawsuit against Defendant Netflix, Inc. and other Defendants, Plaintiffs Jose Basulto and Brothers to the Rescue, Inc. filed a "Motion For An Order Authorizing Plaintiffs To Supplement Their Opposition to Defendants' Motion to Dismiss For Lack Of Personal Jurisdiction." [ECF No. 53]. Certain Defendants known as

"The Foreign Defendants"[1] filed an Opposition [ECF No. 60] and Plaintiffs filed a Reply [ECF No. 66]. In the motion, Plaintiffs ask the Court to: (1) defer ruling on The Foreign Defendants' motion to dismiss; (2) permit them to take depositions of The Foreign Defendants limited to personal jurisdiction issues; (3) authorize them to file a supplemental memorandum in further support of their Opposition to the motion to dismiss (based on information learned through the limited jurisdictional discovery); and (4) permit The Foreign Defendants to file a memorandum in response to their supplemental memorandum.

Plaintiffs then filed a "Motion to Compel Dates For Taking Depositions As To Personal Jurisdiction." [ECF No. 64]. The Foreign Defendants filed an Opposition and Plaintiffs filed a Reply. [ECF Nos. 74; 76]. Defendants then filed a "Motion For A Stay Of Discovery, Or, In The Alternative, A Protective Order," seeking an order staying discovery as to The Foreign Defendants pending a ruling on their motion to dismiss for lack of personal jurisdiction. [ECF No. 72]. Alternatively, the motion seeks a protective order for what it deems "the excessive merits-based discovery sought by [Plaintiffs]." *Id.*

As of the date of the filing, Plaintiffs had served more than 1,000 document requests on Defendants, including 960 requests on The Foreign Defendants. The motion

---

[1] The "Foreign Defendants" are Orange Studio, S.A. ("Orange"), Charles Gillibert ("Gillibert"), CG Cinema International (incorrectly identified as CG Cinema SASU) ("CGI"), Rodrigo Teixeira ("Teixeira"), Lourenço Sant'Anna ("Sant'Anna") and US One Comércio e Serviços de Criação e Produção de Obras com Direitos Autorais LTD ("RT Features").

2

contends that the "majority" of the discovery concerns the merits of the action, not topics limited to personal jurisdiction issues. Plaintiffs filed an Opposition and The Foreign Defendants filed a Reply. [ECF Nos. 77; 82].

Senior United States District Court Judge Federico A. Moreno referred to the Undersigned all pretrial matters for an Order on non-dispositive motions and for a Report and Recommendations on dispositive motions. [ECF No. 68]. The Undersigned held a two-and-a-half-hour in-person hearing on January 20, 2023. [ECF No. 93].

At the hearing, Plaintiffs explained that their motion for limited jurisdictional discovery would include depositions of all The Foreign Defendants, including the entities (for which a Rule 30(b)(6) corporate representative deposition would be taken). They clarified that their request also includes jurisdiction-related depositions from Codefendants Olivier Assays and Nostromo Pictures, SL. Plaintiffs also noted that they want to take the deposition of Netflix for all purposes, not merely topics limited to The Foreign Defendants' jurisdictional challenge. The Undersigned notes that Netflix did not file a motion to dismiss.[2]

For the reasons discussed in detail at the hearing, the Undersigned grants in part and denies in part all three motions. The specifics are outlined below:

1. Plaintiffs may take the depositions of all The Foreign Defendants, Defendant

---

[2] Netflix filed an Amended Answer (with affirmative defenses). [ECF No. 51].

Assayas, and Defendant Nostromo Pictures by February 7, 2023. Defendants shall cooperate in the scheduling of all depositions.[3] If depositions need to be taken at odd hours or over the weekends, then so be it.

2. For the Rule 30(b)(6) depositions, the list of topics will be the issues defined below as the "Personal Jurisdiction Issues." So there is no need for Plaintiffs to submit a separate list of topics.

3. The Personal Jurisdiction Issues, which will be the limited jurisdictional discovery authorized by this Order for all deponents other than Netflix, are as follows: (a) the role which The Foreign Defendants played in decisions and discussions about the publication of the film in Florida; (b) assuming that any Foreign Defendants played a role, how they assisted in publishing the film in Florida; (c) whether The Foreign Defendants contacted any sources of information in Florida in connection with the investigation of the facts underlying this documentary-type film, and, if so, then who did they contact, how did they contact them and what did they learn; (d) whether The Foreign Defendants intended for the film to be distributed in Florida, and, if so, then with whom did they discuss this intent; (e) whether The Foreign Defendants participated in any way in the marketing of the film in Florida, and, if so, then what they did; (f) whether The Foreign Defendants agreed with anyone that the film would be available for viewing in Florida,

---

[3] The Undersigned understands that Assayas and Nostromo Pictures have not yet been served. Nevertheless, The Foreign Defendants shall cooperate to the extent possible under the circumstances to coordinate these two depositions.

and, if so, then who was the agreement with and what were its specifics; and (g) whether Netflix had complete discretion on whether to market the film in Florida and whether The Foreign Defendants had an ability to influence Netflix's decision on that topic, either formally or informally.

      4. Netflix shall produce to Plaintiffs by January 24, 2023 the Distribution/Licensing Agreement[4] it entered into with the licensor. The parties shall by January 23, 2023 agree on the *format* in which the Agreement will be produced. If the parties are unable to agree, then Plaintiffs shall contact my Chambers and I will schedule a hearing as quickly as practicable. If I am required to determine the format, then there is a strong likelihood that there will be a fee-shifting award entered against one side and its attorneys.

      5. Plaintiffs may take the Rule 30(b)(6) deposition of Netflix by February 15, 2023. This deposition is not, however, limited to the Personal Jurisdiction Issues. Instead, it may seek testimony on the underlying merits and the Personal Jurisdiction Issues. Therefore, the topics for the Rule 30(b)(6) deposition will be the seven Personal Jurisdiction Issues *and* other topics listed by Plaintiffs.

---

[4]     In a post-hearing, Court-required Notice, The Foreign Defendants noted that the agreement concerning Netflix's license for the right to distribute the film Wasp Network in the United States is technically called a "Confidential Binding Term Sheet" (as opposed to a "Distribution Agreement" or "Licensing Agreement"). [ECF No. 94]. Regardless of the title of the agreement, however, The Foreign Defendants confirmed that there is only one such agreement.

6. Plaintiffs' list of topics for the Netflix 30(b)(6) deposition shall be reasonable and logical and manageable for a seven-hour deposition. The list shall be sent to Netflix's counsel by January 24, 2023. If Netflix's counsel deems the list to violate these instructions, then counsel may contact the Undersigned's Chambers and obtain a hearing date. If the Court determines that the topic list is unreasonable, then the Undersigned will trim the list and likely enter a fee-shifting award against Plaintiffs and their counsel. If, on the other hand, the Undersigned concludes that most or many of the objections to the topic list are unreasonable, then I will likely enter a fee-shifting award against Netflix and its counsel.

7. Netflix shall by February 10, 2023 produce to Plaintiffs non-privileged documents responsive to a streamlined version of Plaintiffs' First Request For Production of Documents (to Netflix). Plaintiffs shall send a streamlined Request For Production to Netflix by January 25, 2023. Plaintiffs shall decide how best to narrow and shorten the revised, streamlined version of the document request by, among other things, evaluating the comments I made at the hearing about discovery. In addition, if Plaintiffs and Netflix are unable to agree on the *format* of the production or the propriety of the requests themselves, then the procedure described above in numbered Paragraph 4 applies.

8. Plaintiffs may by February 27, 2023 file a supplemental memorandum, not to exceed ten double-spaced pages (excluding signature block and certificate of service), in further support of their opposition to The Foreign Defendants' motion to dismiss. This

memorandum is designed to discuss and argue any additional facts Plaintiffs learn from the additional discovery they obtain as a result of this Order. The memorandum is not designed to give Plaintiffs the opportunity to submit a "better" memorandum (unless the improvement arises from the additional discovery).

9. The Foreign Defendants may by March 10, 2023 submit a memorandum in response to Plaintiffs' supplemental memorandum. The parameters governing Plaintiffs' supplemental memorandum apply to the one filed by The Foreign Defendants.

10. In the meantime, all other discovery propounded to The Foreign Defendants is stayed pending resolution of the underlying motion to dismiss. In addition, no depositions other than the ones discussed in this Order may be taken until the Court rules on the motion to dismiss.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, on January 20, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All counsel of record