UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-21796-CIV-MORENO/GOODMAN

JOSE BASULTO, and BROTHERS TO
THE RESCUE, INC.,

    Plaintiffs,

v.

NETFLIX, INC., a Delaware corporation,
ORANGE STUDIOS, S.A., a French anonymous
society, OLIVIER ASSAYAS, an individual,
NOSTROMO PICTURES, SL, a Spanish
corporation, US ONE COMERCIO
E SERVICIOS DE CRIACAO E PRODUCAO
DE OBRAS COM DIREITOS AUTORAIS, LTD, a
Brazilian limited company, CG CINEMA, SASU,
a French simplified joint stock company, RODRIGO
TEIXEIRA, an individual, CHARLES GILLIBERT,
an individual, and LOURENCO SANT'ANNA, an
individual,

    Defendants.
_____/

**ORDER ON DEFENDANT NETFLIX'S MOTION
FOR LIMITED RECONSIDERATION**

Defendant Netflix, Inc. has filed [ECF No. 98] a motion asking the Undersigned to reconsider a portion of a discovery Order [ECF No. 95]. Specifically, it wants the upcoming Rule 30(b)(6) deposition of its corporate representative (or representatives) on

the underlying merits of the action to be postponed. However, other than urging that the deposition occur sometime after the current February 15, 2023 deadline established in the discovery Order, Netflix does not suggest specifically *when* after February 15 the deposition should be taken by Plaintiffs. It mentions that "there is ample time for merits discovery to be completed in advance of the April 28, 2023 fact discovery deadline," which implicitly means that Netflix is asking that the deposition take place on *some* date between February 16 and April 28 -- a window of approximately two and a half months.

Netflix argues that a Rule 30(b)(6) deposition on or before February 15 is premature and places it and Codefendants "at a significant disadvantage."

It says that Plaintiffs' list of 30(b)(6) topics did not comply with the Undersigned's directive that the list be reasonable. Netflix notes that Plaintiffs propounded a notice containing 39 topics (43, when subparts are counted).

Netflix also emphasizes that the merits-based 30(b)(6) deposition would occur before determination of the Foreign Defendants' pending motions to dismiss for lack of personal jurisdiction and before service on Codefendants Nostromo Pictures, SL and Olivier Assays, who, Netflix says, would be deprived of their right to participate in, and pose questions to, Netflix's corporate representative. This, Netflix points out, would mean that it might have to incur the time and expense of preparing a 30(b)(6) witness (or witnesses) a second time.

In a briefing scheduling Order [ECF No. 99], the Undersigned advised Plaintiffs that my decision on the reconsideration motion might be informed by a significantly-pared-down version of the Rule 30(b)(6) topic list. In their opposition response [ECF No. 105] to the motion, Plaintiffs, say they "heed[ed] the Court's suggestion" and attached a "revised" Rule 30(b)(6) topic list.

But a comparison of the two lists does not reveal a change significant enough to cause any meaningful reduction in how much time Netflix would need to incur in order to adequately prepare its Rule 30(b)(6) designee (or designees).

The so-called revised list contains 23 numbered topics. However, there are 18 subparts, which means that there are 15 more topics than the 23 numbers, for a total of 38 topics. A 38-topic list is, for all practical purposes, virtually the same as a 43-topic list.

Moreover, virtually none of the topics concern personal jurisdiction. In their response, however, Plaintiffs represent that "the purpose of the timing of Netflix's deposition is to afford Plaintiffs an opportunity to depose Netflix as to jurisdictional issues as well as the merits so that Plaintiffs may rely on Netflix's deposition in their Supplemental Memorandum." But the Supplemental Memorandum is for issues concerning the personal jurisdiction challenge asserted by the Foreign Defendants, not for merits-based issues.

Similarly, Plaintiffs' opposition further argues that "[i]ndeed, Netflix's deposition on the merits may lead to information pertinent to **jurisdiction** over the Foreign Defendants in this action." (emphasis added).

But any rational assessment of the so-called "revised" Rule 30(b)(6) topic list demonstrates that virtually none of the topics concern jurisdiction and that almost all of them concern the merits. To be sure, any topic "may" lead to some testimony arguably relevant to the jurisdictional issue at the heart of the not-yet-filed Supplemental Memorandum, but that technically available possibility seems highly unlikely for almost all of the topics.

Thus, notwithstanding Plaintiffs' protestations to the contrary, the Undersigned concludes that Plaintiffs' primary purpose for taking the Rule 30(b)(6) deposition on or around February 15, 2023 is to pursue only merits-oriented issues. Only topic 5, with its subparts, contains issues which might arguably lead to testimony about whether this Court has personal jurisdiction over the Foreign Defendants.

But the mere fact that the deposition is primarily a merits-based deposition does not mean that it should not occur now (or relatively soon thereafter). Plaintiffs have the right to take a merits-based deposition of Netflix. The mere fact that other Codefendants have not been served does not prevent Plaintiffs from moving forward on a deposition. There is no statute or rule which places depositions on hold until all defendants are served, and Netflix has not cited any legal authority to support such a view.

In addition, Netflix's motion is, in effect, a *de facto* motion for a temporary discovery stay.

"[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014).

"[A] motion to stay discovery . . . is *rarely* appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (emphasis added).

Further, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya*, 2014 WL 2807617, at *2. "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012).

The potential prejudice identified by Netflix is insufficient to justify a discovery stay to postpone the deposition until an unknown date between now and April 28, 2023.

However, the latest Rule 30(b)(6) topic list propounded by Plaintiffs is unwieldy and the burden placed on Netflix to prepare designees to address all the topics listed is an undue one. Therefore, the Undersigned is now directing Plaintiffs (rather than offering them an opportunity to voluntarily reduce the issues on the topic list) to propound a

5

further-revised, shortened topic list. The Undersigned is not going to impose an arbitrary limit on the number of topics, but I am requiring Plaintiffs to significantly and substantively reduce the number and scope of the topics. Rearranging the topics to reduce the total number by slotting issues into sub-issue categories is not what I have in mind here. That type of tactic is meaningless optics. The list -- which will cover both personal jurisdiction and the merits of the claim -- must be substantially more manageable, keeping in mind that Plaintiffs have a total of seven hours to conduct the Rule 30(b)(6) deposition.

From a logistical perspective, here is how this ruling will play out:

First, the February 15, 2023 deadline to complete the Rule 30(b)(6) deposition is rescinded.

Second, Plaintiffs must propound the second revised Rule 30(b)(6) list by February 15, 2023.

Third, if Netflix contends that the second revised list is *still* unduly burdensome, then it should contact my chambers immediately and a discovery hearing will be scheduled as quickly as possible.

Fourth, if Netflix does not need a hearing to obtain another ruling on the scope of the topic list, then it shall make its designee (or designees) available for a Rule 30(b)(6) deposition by February 28, 2023.

Because of this extended deadline, the Undersigned is also extending until March 12, 2023 the deadline for Plaintiffs to file their Supplemental Memorandum on personal jurisdiction challenges concerning the Foreign Defendants.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, on February 10, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All counsel of record