UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 22-21796-CIV-MORENO/GOODMAN

JOSE BASULTO, and BROTHERS TO
THE RESCUE, INC.,

    Plaintiffs,

v.

NETFLIX, INC., a Delaware corporation,
ORANGE STUDIOS, S.A., a French anonymous
society, OLIVIER ASSAYAS, an individual,
NOSTROMO PICTURES, SL, a Spanish
corporation, US ONE COMERCIO
E SERVICIOS DE CRIACAO E PRODUCAO
DE OBRAS COM DIREITOS AUTORAIS, LTD, a
Brazilian limited company, CG CINEMA, SASU,
a French simplified joint stock company, RODRIGO
TEIXEIRA, an individual, CHARLES GILLIBERT,
an individual, and LOURENCO SANT'ANNA, an
individual,

    Defendants.
_____/

## POST-DISCOVERY HEARING ADMINISTRATIVE ORDER

On April 6, 2023, the Undersigned held a more than two-hour Zoom videoconference hearing addressing the parties' discovery disputes. [ECF Nos. 131; 136]. At the hearing, the Undersigned ordered as follows:

### Privilege Dispute

The Undersigned sustains Defendant Netflix's attorney client privilege and work-product protection claims over the five at-issue documents.

Deposition of Netflix's 30(b)(6) Witness

The Undersigned defers ruling on Plaintiffs' request for sanctions based on Netflix's 30(b)(6) witness' preparedness (or lack thereof) for the deposition.

By April 17, 2023, Plaintiffs and Netflix shall each file a memorandum of law not to exceed fifteen double-spaced pages (excluding signature block and certificate of service), addressing the following five questions:

(1) In a 30(b)(6) deposition, is a plaintiff in a defamation lawsuit entitled to learn in discovery the facts supporting the defendant's affirmative defense, regardless of whether the defendant learned about those facts or acquired documents only through the efforts of its attorney(s)?;

(2) Phrased differently, is Netflix permitted to prevent Plaintiffs from obtaining discovery concerning the facts and documents supporting Netflix's affirmative defenses by saying that the lawyers for Netflix are the ones who learned the facts and obtained the documents through the lawyers' post-claim factual investigation?;

(3) What legal consequences, if any, arise from Netflix's distinction between publicly available information and other types of information vis-à-vis Netflix's position on whether Plaintiffs are entitled to ask Netflix's 30(b)(6) witness questions about the facts and documents supporting the affirmative defenses?;

(4) Are questions concerning the factual grounds for affirmative defenses questions which concern legal conclusions or do the questions concern evidence supporting or undermining the affirmative defenses?;

(5) Assuming that a follow-up 30(b)(6) deposition of Netflix is permitted, will Plaintiffs be permitted to ask questions about the investigation which Netflix's counsel conducted after receiving a demand letter from Plaintiffs' counsel because, under Plaintiffs' theory, the questions concern Netflix's state of mind?

## Document Production

Netflix has agreed that, at least 48 hours before the deposition of Jose Basulto, it will produce all additional documents listed in its supplemental Rule 26 disclosure. By producing these documents, Netflix does not waive its objections concerning the scope of the deposition of Netflix's 30(b)(6) witness or its claim that these documents are protected by the work-product doctrine.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, on April 7, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All counsel of record