**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 1:22-cv-21796-Moreno/Goodman**

JOSE BASULTO, an individual, and
BROTHERS TO THE RESCUE, INC., a
Florida not-for-profit corporation,

        Plaintiffs,

v.

NETFLIX, INC., a Delaware corporation,
ORANGE STUDIOS, S.A., a French anonymous society,
OLIVIER ASSAYAS, an individual, NOSTROMO
PICTURES, SL, a Spanish corporation, US ONE
COMERCIO E SERVICIOS DE CRIACAO E
PRODUCAO DE OBRAS COM DIREITOS
AUTORAIS, LTD, a Brazilian limited company,
CG CINEMA, SASU, a French simplified
joint stock company, RODRIGO TEXIEIRA,
an individual, CHARLES GILLIBERT, an individual,
and LOURENÇO SANT'ANNA, an individual,

        Defendants.
_____/

**DEFENDANT NETFLIX, INC.'S *EXPEDITED MOTION* TO STRIKE PLAINTIFFS' AMENDED OPPOSITION TO NETFLIX'S MOTION FOR SUMMARY JUDGMENT**

      Defendant Netflix, Inc. ("Netflix") respectfully submits this ***Expedited Motion*** to Strike Plaintiffs' Amended Opposition to Netflix's, Inc.'s Motion for Summary Judgment ("Amended Opp. Br.") (D.E. 202), Plaintiffs' Amended Statement of Material Facts in Support of Plaintiffs' Amended Opposition to Defendant Netflix, Inc.'s Motion for Summary Judgment ("Amended Facts") (D.E. 201), Declaration of Andre Dreyfuss in Support of Plaintiffs' Amended Opposition to Netflix, Inc.'s Motion for Summary Judgment ("Amended Dreyfuss Decl.") (D.E. 199), and Declaration of Jose Basulto in Support of Plaintiffs' Opposition to Netflix, Inc.'s Motion for

1

Summary Judgment ("Amended Basulto Decl.") (and together with the Amended Opp. Br., Amended Facts, Amended Dreyfuss Decl., the "Amended Opposition") (D.E. 200).

## **RELEVANT PROCEDURAL HISTORY**

Netflix moved for summary judgment on May 12, 2023. (D.E. 158.) On June 2, 2023, Plaintiffs filed initial summary judgment opposition papers, including an Opposition Brief (D.E. 182), Statement of Material Facts (D.E. 183), and declarations from Plaintiffs' counsel Andre Dreyfuss ("Dreyfuss") (D.E. 184), Plaintiffs' counsel Alexander S. Davis (D.E. 185), and Plaintiff Jose Basulto ("Basulto") (D.E. 184-2) (collectively, the "Initial Opposition").

On June 5, 2023, the Court issued a Paperless Order (the "Order") adjourning the summary judgment briefing schedule, allowing Plaintiffs to depose Netflix's 30(b)(6) witness for an additional 2 hours, and granting Plaintiffs an option to file amended summary judgment opposition papers in the event "that the additional deposition testimony may impact the summary judgment briefing." (D.E. 188.) The Court further directed that "the transcript of the resumed deposition should be prepared on an expedited basis, so that counsel can refer to the relevant pages and line in the to-be-filed memoranda (and/or statement of facts)." (*Id.*)

The additional deposition of Netflix's corporate deponent occurred on June 13, 2023.

On June 19, 2023, Plaintiffs filed a substantially amended set of summary judgment opposition papers, including a materially revised Opposition Brief with numerous new points and authorities (D.E. 202), a materially revised Statement of Undisputed Facts (D.E. 201), and new declarations from Dreyfuss (D.E. 199) and Basulto (D.E. 200) (collectively, the "Amended Opposition").

As the attached redline comparisons between the Amended and Initial Opposition papers reflect, most of the amendments to Plaintiffs' papers have nothing to do with the additional

testimony by Netflix's corporate deponent on June 13, 2023.  (Exhibits 1 and 2 hereto.)  Plaintiffs cite the expedited transcript of Netflix's continued deposition only six times in their Amended Papers with respect to four subjects:  (i) the trustworthiness of a letter sent by the Cuban government to the United Nations (D.E. 201 ¶¶ 3, 83; D.E. 202 at 5); (ii) the purported role the Cuban government in connection with the making of the Film (D.E. 201 ¶ 56); (iii) an entirely different Netflix television series known as *The Cuba Libre Story* (D.E. 201 ¶¶ 154; D.E. 202 at 12, 15); and (iv) Netflix's press kit and platform description of the Film (D.E. 201 ¶¶ 157, 169; D.E. 202 at 6, 12, 15).  (*Id.*)  Plaintiffs' other amendments, which predominate their Amended Opposition, include:

- An Amended Declaration by Plaintiff Jose Basulto making new statements that have nothing to do with Netflix's continued deposition.  (D.E. 200, ¶¶ 7, 31-36.)

- An Amended Declaration by Plaintiffs' counsel Andre Dreyfuss attaching new evidence that have nothing to do with Netflix's continued deposition.  (D.E. 199 ¶¶ 7, 13-16.)

- Descriptions of additional, allegedly defamatory Film content that is not alleged in Plaintiffs' pleading and about which Netflix had no opportunity to depose Plaintiffs, and which furthermore have nothing to do with Netflix's continued deposition. (*Id.* ¶¶ 40, 91, 93, 112.)

- Newly expressed disputes of fact asserted by Netflix that Plaintiffs had previously *not* disputed in their Initial Opposition, as well as newly offered purported material facts of their own, without any citations to Netflix's continued deposition.  (*Id.* ¶¶ 67, 70, 73, 87, 115, 153, 154, 161, 162, 163, 164.)

- A materially revised opposition brief with new arguments and case law that do not rely on any testimony from Netflix's continued deposition.  (D.E. 202 at 6, 8, 16, 18.)

## **ARGUMENT**

The Amended Opposition was filed in contumacious disregard of this Court's Order.  The Court permitted Plaintiffs an opportunity to amend their summary judgment opposition papers to the extent "*the additional deposition testimony* [by Netflix's corporate deponent] *may impact* the

3

summary judgment briefing". (Emphasis supplied.) The Order was not an adjournment of time so that Plaintiffs could fundamentally re-conceive their arguments.

Most of the substantial changes in Plaintiffs' Amended Opposition have nothing to do with the additional deposition testimony by Netflix's corporate deponent. Plaintiffs thus took advantage of this Court's Order. Plaintiffs' Amended Opposition should be stricken. *Cf. Dimension Leasing, Inc. v. Variety Children's Hosp.,* No. 05-22701-CIV, 2007 WL 7626587, at *2 (S.D. Fla. Mar. 8, 2007), *on reconsideration in part*, No. 05-22701-CIV, 2007 WL 9701116 (S.D. Fla. Apr. 3, 2007) (striking expert reports that violated court's scheduling order); *Wall v. Centers for Disease Control & Prevention*, No. 6:21-CV-975-PGB-DCI, 2021 WL 3008588, at *3 (M.D. Fla. June 29, 2021) (affirming lower court's decision to strike plaintiff's preliminary injunction motion because it violated court's standing order and local rules).

Netflix also respectfully asks that it be awarded its reasonable attorneys' fees and costs incurred in connection with this motion.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Netflix's counsel is highly mindful of this Court's Local Rule 7.1(a)(3). There is, however, urgency created by Plaintiffs' counsel's conduct, which is why we have expressed this as an Expedited Motion. Plaintiffs' counsel filed their amended summary judgment opposition papers yesterday, June 19, 2023. Netflix's reply papers are due within a week: by next Tuesday, June 27, 2023. Summary judgment oral argument is next Thursday, June 29, 2023, at 2:30pm. As explained herein, Plaintiffs' amended opposition papers are not in accord with this Court's Paperless Order of June 5, 2023, which permitted Plaintiffs a limited opportunity to amend their papers to the extent that a recently conducted deposition "impacted" Plaintiffs'

4

arguments. Plaintiffs materially and extensively changed their summary judgment papers in ways that are entirely unrelated to the recent deposition.

In accordance with Local Rule 7.1(a)(3), Netflix's counsel attempted to confer in good faith with Plaintiffs' counsel by email. Specifically, we wrote to Plaintiffs' counsel last night (June 19, 2023, at 11:54 p.m.), after reviewing their amended papers that were filed yesterday, and requested that they withdraw their amended papers and re-file papers in accord with this Court's June 5 Order. This afternoon, at 4:19 p.m., Plaintiffs' counsel claimed to have interpreted this Court's Order differently and demanded that we provide specific examples of how their amended papers violated this Court's Order. At 7:52 p.m. we explained that every amendment that is unrelated to the recently conducted deposition violates the limited permission that this Court granted, and we offered specific examples. We asked them to confirm by 9 p.m. this evening that they would withdraw their amended papers, emphasizing the urgency with which we require action from the Court so that we know whether we need to respond to the amended papers or not. As of the time of this writing (10:15 p.m.), we have not heard back from Plaintiffs' counsel.

We respectfully submit that the time-sensitivity of this matter justifies our filing of this Expedited Motion without having heard further from Plaintiffs' counsel. We further respectfully submit that further correspondence or conference with Plaintiffs' counsel over this matter would be futile given their conclusory and firm assertion that they interpret the Court's June 5 Order differently.

Dated:  June 20, 2023

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: (786) 582-3010
Facsimile:  (786) 582-3004

*s/ James G. Sammataro*
William L. Charron (admitted *pro hac vice*)
Tom J. Ferber (admitted *pro hac vice*)
James G. Sammataro
Florida Bar No. 520292
Felicity S. Kohn (admitted *pro hac vice*)
tferber@pryorcashman.com
wcharron@pryorcashman.com
jsammataro@pryorcashman.com
fkohn@pryorcashman.com

*Attorneys for Defendant Netflix, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2023 a copy of the foregoing Expedited Motion to Strike Plaintiffs' Amended Opposition to Netflix's Motion for Summary Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

*/s/ James G. Sammataro*
James G. Sammataro
