UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-21796-CIV-MORENO/GOODMAN

JOSE BASULTO, and BROTHERS TO
THE RESCUE, INC.,

    Plaintiffs,

v.

NETFLIX, INC., a Delaware corporation,
    Defendants.
_____/

## ORDER ON NETFLIX'S EXPEDITED MOTION TO STRIKE PLAINTIFFS' AMENDED OPPOSITION TO SUMMARY JUDGMENT MOTION

"Give him an inch and he'll take a mile"

- Well-known proverb[1]

The hugely-popular children's book *If You Give a Mouse a Cookie* involves a boy who gives a mouse a cookie. The mouse then asks for milk, and a series of requests begins. The mouse makes request after request, and the boy grants all the mouse's wishes: a glass of milk, a straw (to drink the milk), a mirror (to avoid a milk moustache), nail scissors (to trim his hair in the mirror), a broom (to sweep up the hair trimmings), a nap, a story (to

---

[1] The proverb is hundreds of years old. It is derived from a phrase found in John Heywood's 1546 work, *A dialogue conteinyng the number in effect of all the prouerbes in the Englishe tongue:* "Give him an inch and he'll take an ell." An ell was a unit of measurement for cloth that was about 45 inches in length. https://grammarist.com/proverb/give-him-an-inch-and-he'll-take-a-mile/ (last visited June 23, 2023).

be read to him), a picture (to be drawn), a refrigerator (to hang the picture on) -- and then a glass of milk (because looking at the refrigerator made the mouse thirsty).

One theme of the story is that every event has consequences. There is always a cause and an effect. Every action causes a reaction. Decisions about litigation tactics are no exception to this fundamental rule. Another theme is that the recipient of a favor or benefit may well seek additional rewards. The lessons children learn from *If You Give a Mouse a Cookie*[2] apply equally to tactics used in lawsuits.

All of which brings us to Defendant Netflix's Expedited Motion to Strike Plaintiffs' Amended Opposition to Netflix's Motion for Summary Judgment. [ECF No. 205]. The motion seeks to strike four things in this defamation lawsuit arising from Netflix's publication on its streaming platform the film, *The Wasp Network* : (1) Plaintiffs' Amended Opposition to Netflix's summary judgment motion; (2) Plaintiffs' amended statement of material facts supporting their amended opposition; (3) the declaration of Andre Dreyfuss, one of Plaintiffs' attorneys; and (4) Plaintiff Jose Basulto's declaration in support of the amended opposition. [ECF Nos. 202, 201, 199 and 200]. Plaintiffs filed an expedited opposition and Netflix filed an expedited reply. [ECF Nos. 210, 212 ].

---

[2] The author, Laura Numeroff, wrote several other books with similar scenarios, all focusing on the notion of inevitable consequences and animals who continue to ask for things after receiving other things: *If You Give a Moose a Muffin, If You Give a Pig a Pancake, If You Give a Pig a Party, If You Give a Cat a Cupcake, If You Give a Dog a Donut,* and others.

Essentially, Netflix contends that Plaintiffs have taken advantage of a recent discovery ruling (which permitted an additional two hours of deposition testimony on limited topics from a Netflix corporate representative) to unfairly submit materially revised materials: the amended opposition brief, statement of undisputed facts, new declarations from Dreyfuss and Basulto and related exhibits. According to Netflix, Plaintiffs abused their ability to submit a revised memorandum to the limited extent it concerned the new and additional deposition testimony by fundamentally re-conceiving their arguments.[3]

Netflix contends that most of the changes to Plaintiffs' summary judgment motion opposition papers "have nothing to do with the additional testimony by Netflix's corporate deponent." [ECF No. 205, pp. 2-3]. According to Netflix, Plaintiffs cited the new deposition transcript only six times (concerning four topics) in their Amended Summary Judgment Papers.

But, Netflix argues, Plaintiffs' other amendments, which it says "predominate" in the Amended Summary Judgment Papers, include: (1) Basulto making new statements in his amended declaration which have nothing to do with the continued deposition; (2)

---

[3]   The Undersigned will, at times, refer to the limited deposition as the "Second Deposition." Likewise, the Undersigned will also use "Initial Summary Judgment Papers" for Plaintiffs' first Opposition to Netflix's summary judgment motion and for Plaintiffs First Statement of Facts. "Amended Summary Judgment Papers" refers to Plaintiffs' second, amended version of these two documents. Because the amended versions of the declarations of Basulto and Dreyfuss were submitted in connection with the Amended Summary Judgment Papers, they are included in that shorthand name.

the submission of new evidence unrelated to the continued deposition, submitted through attorney Dreyfuss' amended declaration; (3) new descriptions of additional, purportedly defamatory film content not alleged in Plaintiffs' Complaint (and which Netflix had no opportunity to explore during Plaintiffs' depositions; (4) newly-expressed disputes of fact which Plaintiffs had previously conceded were undisputed in their Initial Summary Judgment Papers; and (5) a materially-revised opposition brief, containing new arguments and case law which do not rely on Second Deposition testimony.

Stripped to its basics, Netflix's argument is that Plaintiffs have taken unfair advantage of a discovery ruling which authorized a limited, continued corporate representative deposition and an amended opposition limited to changes tethered to the Second Deposition testimony. Phrased differently, Netflix contends that Plaintiffs are improperly seeking to get a second bite at the summary judgment apple by trying to sneak in a dramatically revised (and presumably better) opposition under the rationale that the Amended Summary Judgment Papers are simply updates prompted by the additional deposition testimony.

To demonstrate that Plaintiffs did far more than merely update their papers with references to the two hours' worth of new testimony from the Second Deposition, Netflix submitted tracked changes versions of the Amended Summary Judgment papers. These exhibits of tracked changes [ECF Nos. 205-1 and 205-2] demonstrate that Plaintiffs significantly altered their Initial Summary Judgment Papers with myriad changes which

4

have nothing to do with the Second Deposition testimony upon which any revisions should have been based. Not only did Plaintiffs take a second bite at the apple; they took several hefty chomps.

In their opposition response [ECF No. 210], Plaintiffs raise several arguments: (1) they complain that the Order allowing them to file amended submissions after taking a two-hour limited Rule 30(b)(6) deposition unfairly gave Netflix additional time to file a Reply; (2) the Order permitting Plaintiffs to file amended submissions did not **expressly** prohibit them from making *other* changes to the submissions (besides those arising directly from the deposition); (3) the changes in the submissions flagged by Netflix are "actually not changes at all," but are "merely instances of paragraphs being rearranged and/or some stylistic changes" [ECF No. 210, p. 2]; (4) most of the so-called changes actually *do* relate to the continued deposition; (5) the apparent changes are mostly scenarios where "an argument that was asserted in Plaintiffs' original Opposition . . . is now merely being asserted in a different area in Plaintiff's amended papers;" (6) the "few new, substantive changes which do not relate" to the resumed deposition are "minimal and deminimus" (*id.* at 4); (7) the Court could **simply disregard** any improper changes, a suggestion they say "would not be complicated to do"; and (8) striking Plaintiffs' amended summary judgment papers would be "extremely harsh and prejudicial to Plaintiffs." *Id.*

But Netflix counters with several points and arguments in their Reply [ECF No. 212]: (1) Plaintiffs actually admit that the "vast majority" of their amendments have nothing to do with the Second Deposition; (2) the tracked changes exhibits establish that Plaintiffs made "hundreds" of changes to their Initial Summary Judgment Papers; (3) despite this multi-hundred change submission, Plaintiffs cited only six facts which were actually gleaned from the Second Deposition; (4) a chart comparing the new facts in the new Basulto and Dreyfuss declarations to the places where those issues were previously addressed in summary judgment briefing (or whether they were never previously addressed at all) shows dramatic and substantive differences; and (5) the Order authorizing the Second Deposition "did not grant a wholesale license to substantially and materially rewrite" the Initial Summary Judgment Papers." *Id*.

To provide just one illustration of how Netflix contends Plaintiffs materially revised their position "under the pretext of responding to testimony from the Second Deposition" [ECF No. 212, pp. 1-2], the Undersigned flags a Netflix-noted point concerning Basulto's amended declaration: his amended declaration says "I have also received training at the Albert Einstein Institute, where I received training on the use of strategic nonviolent action." This point was never mentioned in his first declaration. Apparently, this new "fact" was in response to Netflix's point, in its summary judgment motion brief, that "Basulto has publicly described himself as a terrorist" and he acknowledges to be publicly identified by others as a terrorist." [ECF No. 158, p. 4].

6

The Undersigned views Plaintiffs' first argument -- that the Order authorizing Plaintiffs to file amended summary judgment papers after the two-hour deposition gave Netflix more time to file a Reply -- to be irrelevant to the issue here.

The Undersigned also finds unpersuasive Plaintiffs' argument that there was nothing to prevent them from substantively modifying their summary judgment papers in order to make them better and more persuasive, even if the additions and modifications had nothing to do with the Second Deposition testimony. Although the Order authorizing the amended briefing did not in specific words ban a re-do of Plaintiffs' summary judgment papers, the context and other language in the Order made that limitation known.

On June 5, 2023, the Court issued a Paperless Order ("Order") adjourning the summary judgment briefing schedule, allowing Plaintiffs to take the deposition of Netflix's 30(b)(6) witness for an additional two hours on limited topics, and granting Plaintiffs an option to file amended summary judgment opposition papers in the event "that the **additional deposition testimony may impact the summary judgment briefing.**" [ ECF No. 188]. The Court further directed that "the transcript of the resumed deposition should be prepared on an expedited basis, so that **counsel can refer to the relevant pages and lines** in the to-be-filed memoranda (and/or statement of facts)." [*Id*. (emphasis added)].

The language in the Order referred to the obvious possibility that the deposition testimony could effect the summary judgment papers. And it underscored the need to obtain the deposition transcript on an expedited basis. These comments all demonstrate that the permissible revisions would relate *only* to the points developed at the two-hour Second Deposition.

On the other hand, the Order surely did not grant Plaintiffs leave to re-think their strategy and bolster the record with new declarations. Similarly, it did not authorize Plaintiffs to massage and edit their brief, assert new arguments, change the focus and emphasis of certain arguments or otherwise use the Second Deposition as a springboard to substitute a presumably-improved set of summary judgment papers.

In addition, to the extent that Plaintiffs may have been confused or unsure about the scope of the permissible amended submissions, they could have filed a motion for clarification. Had that occurred (it did not), the Undersigned would have unequivocally advised Plaintiffs that the amendments must relate *only* to the additional testimony from Netflix's representative during the Second Deposition.

The Undersigned is convinced that Plaintiffs' Amended Summary Judgment Materials stretched the Order permitting a revised memorandum well beyond any logical interpretations.

So the question now is: what to do about this?

There is only one logical and reasonable remedy which can adequately ameliorate the undue prejudice Netflix would suffer from Plaintiffs' litigation tactics: strike the improper submissions in the Amended Summary Judgment Papers and require Plaintiffs to submit **revised** amended submissions under a tight deadline.[4] *Wall v. Centers for Disease Control & Prevention*, No. 6:21-CV-975-PGB-DCI, 2021 WL 3008588, at *3 (M.D. Fla. June 29, 2021) (affirming lower court's decision to strike plaintiff's preliminary injunction motion because it violated court's standing order and local rules).

The Court does not have the leeway to reschedule the summary judgment hearing. Trial is scheduled for the calendar beginning October 28, 2023. The briefing, my Report and Recommendations ("R&R"), the inevitable Objections (to the R&R) and Response to Objections must *all* be completed in time to give Judge Moreno time to review the material. Therefore, **I am canceling the June 29, 2023 hearing**. The R&R will be based on the record. Delays in having the hearing will significantly undermine the plan to cause all necessary submissions to be filed in time for Judge Moreno to issue his ultimate ruling on Netflix's summary judgment motion. Given this reality and the concerns it generates, the alternative of proceeding without a not-required hearing is logical.

---

[4] The Undersigned agrees that simply striking Plaintiffs' summary judgment papers, without giving them the opportunity to file a revised set would be highly prejudicial to Plaintiffs. That is why I am not simply striking the submissions. Instead, as outlined below, I am permitting Plaintiffs to correct their ill-advised decision to re-do their papers beyond what was contemplated in the Order allowing an amended set.

Therefore, by **5:00 p.m. on Thursday, July 29, 2023**, Plaintiffs shall file: (1) a **revised** amended opposition to Netflix's summary judgment motion, and (2) a revised amended statement of facts. These two submissions must be *identical* to the Initial Summary Judgment Papers, *except* that Plaintiffs may add or revise points if (but **only** if) they can be linked directly to the new testimony provided in the Second Deposition.

Moreover, these two submissions must not include any stylistic changes to the wording of the initial submissions. The purpose of the revised submissions is only to permit modifications arising from the Second Deposition testimony. Similar to the earlier Order authorizing the Second Deposition, this Order is not designed to give Plaintiffs the opportunity to file a "better" memorandum or to strategize and come up with new or different legal arguments unconnected to the Second Deposition. Likewise, it is not intended to allow Plaintiffs to improve their legal writing and organization. And, finally, its purpose is not to give Plaintiffs the chance to re-think the evidence and change a not-disputed position about a Netflix-advanced fact to a "disputed" fact.[5]

---

[5] The Undersigned views Plaintiffs' suggestion (that I comb through their current Amended Summary Judgment Papers and determine which specific sections to ignore) to be impractical and unworkable. Therefore, I reject it.

In any event, Netflix *shall* file a Reply (which otherwise would be solely optional under our Local Rules) and a response to any additional facts contained in Plaintiffs' revised, amended statement of facts by **July 5, 2023**.[6]

The Undersigned **denies** Netflix's request for the attorney's fees it incurred in connection with its expedited motion to strike. Although Plaintiffs' Amended Summary Judgment Papers exceeded the authority provided, it was Netflix's initial decision to not adequately prepare its Rule 30(b)(6) witness which led to the need to have a Second Deposition in the first place. Given this history, the Undersigned is not inclined to enter a fees-shifting award in Netflix's favor in connection with its expedited motion to strike.

Finally, the Undersigned acknowledges that the briefing schedule is aggressive and that it will require work by both sides. However, these are the consequences arising from Netflix's initial decision to not properly prepare its designee for the corporate

---

[6] The Undersigned is often a follower of the "what's good for the goose is good for the gander" philosophy. Therefore, just as Plaintiffs are not permitted to improve their brief with new arguments and facts except those specifically linked directly to the deposition testimony, Netflix's Reply memorandum and Response to Plaintiffs' Statement of Facts may not include legal arguments not already raised in the initial summary judgment motion. This consequence would occur **anyway**, as courts do not consider legal arguments raised for the first time in a reply memorandum. *United States v. Coy*, 19 F.3d 629, 632 n.7 (11th Cir. 1994) ("Arguments raised for the first time in a reply brief are not properly before a reviewing court." (citation omitted)); *Katchmore Luhrs, LLC v. Allianz Glob. & Corp. Specialty*, No. 15-23420-CIV, 2016 WL 1756911, at *1 (S.D. Fla. May 3, 2016) ("[I]t is improper for a party to raise a new argument in its reply."); *Procaps S.A. v. Patheon Inc.*, 141 F. Supp. 3d 1246, 1294 (S.D. Fla. 2015), aff'd, 845 F.3d 1072 (11th Cir. 2016) (refusing to consider legal authority and arguments mentioned for the first time in a reply brief).

11

representative deposition (which led to the Second Deposition) and Plaintiffs' ill-advised tactic of seeking to substantively improve the Initial Summary Judgment Papers by submitting new evidence and revised arguments by taking unfair advantage of a discovery ruling.

Nevertheless, the Parties should be able to comply with the deadlines. Plaintiffs can (and should) use the Initial Summary Judgment Papers and simply add facts and arguments linked to the testimony in the Second Deposition. And Netflix should *already* have been well underway in drafting its Reply when the Court temporarily postponed its submission in order to give Plaintiffs the opportunity to take the Second Deposition and submit amended papers to address the new testimony.

So it is time to return to (and modify) the children's book analogy and proverb mentioned at the start of this Order. The tight briefing schedule is an effect caused when lawyers receive the authority to obtain an inch worth of additional discovery (because of a deposition representative not being provided with sufficient "cookies" of corporate knowledge) and gobble up a figurative mile's worth of unauthorized briefing.

To summarize, the Undersigned **grants** Netflix's expedited motion, **strikes** the offending submissions[7] and requires revised, amended submissions (consistent with the

---

[7] The offending entries which are being stricken are ECF Nos. 199, 200, 201, 202, 206, and 207 – and all the exhibits submitted with them.

framework described in this Order, which imposes specific limits on what Plaintiffs can and cannot do in their to-be-filed revised, amended summary judgment papers.

One final point: the Undersigned will be scheduling a Zoom hearing for Monday, June 26, 2023, at 3:30 p.m., to address the discovery dispute listed in ECF No. 209. Given that the summary judgment hearing is being canceled, the discovery dispute cannot now be added on to a non-existent hearing. Rather than require counsel to travel from out of state to personally attend a brief, discovery-only hearing, the Undersigned will substitute the in-person hearing for an earlier Zoom hearing. The sign-in information will be uploaded later in a separate Order issued Monday morning, June 26, 2023.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, on June 24, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All counsel of record