UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 22-21796-CIV-MORENO

JOSE BASULTO, and BROTHERS TO THE
RESCUE, INC.,

        Plaintiffs,

vs.

NETFLIX, INC., a Delaware corporation,
ORANGE STUDIOS, S.A., a French
anonymous society, OLIVIER ASSAYAS,
NOSTROMO PICTURES, S.L., a Spanish
corporation, US ONE COMERCIO E
SERVICIOS DE CRIACAO E PRODUCAO
DE OBRAS COM DIREITOS AUTORAIS,
LTD, a Brazilian limited company, CG
CINEMA SASU, a French simplified joint
stock company, RODRIGO TEXIEIRA,
CHARLES GILLIBERT, and LOURENCO
SANT' ANNA,

        Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE GOODMAN'S REPORT AND RECOMMENDATIONS AND DISMISSING FOREIGN DEFENDANTS

THE MATTER was referred to the Honorable Jonathan Goodman, United States Magistrate Judge, for a Report and Recommendation on Foreign Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.[1] The Magistrate Judge filed Report and Recommendations (D.E. 177) on **May 25, 2023.** The Court has reviewed the entire file and record and considered oral argument. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendations present, and being otherwise fully advised in

---

[1] The Foreign Defendants are Orange Studios, S.A., Charles Gillibert, CG Cinema International, Rodrigo Texeira, Lourenço Sant' Anna, and US One Comércio e Serviços de Crição e Produção de Obras com Direitos Autorais. Ltd. ("RT Features"). After Nostromo Pictures, SL was served, it filed a Notice of Joinder, advising that it was joining and adopting the motion to dismiss. Accordingly, Nostromo Pictures, SL is also a Foreign Defendant.

the premises, it is

**ADJUDGED** that United States Magistrate Judge Jonathan Goodman's Report and Recommendations is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that the Foreign Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED. The Magistrate Judge's Report finds the Plaintiffs meet the requirements of Florida's long-arm statute, § 48.193(1)(a)2, Fla. Stat., to establish personal jurisdiction, but the exercise of that jurisdiction does not comport with the Fourteenth Amendment's due process clause. The parties do not object to the finding that Florida's long-arm statute is met, but the Plaintiffs object to the recommendation that due process is not satisfied. In particular, the objections argue due process is satisfied because the Foreign Defendants are Netflix's co-conspirators, who knew that Netflix would publish the movie in Florida, and aided Netflix in this regard. Plaintiffs' objections also argue that because the Foreign Defendants' actions affected the Plaintiffs in Florida, Fourteenth Amendment due process is satisfied.

To support their co-conspirator theory, Plaintiffs rely on *Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV, 2007 WL 9701852 (S.D. Fla. May 30, 2007). *Int'l Underwriters AG*, however, is distinguishable because in this case no overt act took place in Florida. In *Int'l Underwriters*, the district court found personal jurisdiction over co-conspirators where the tortious act underlying the lawsuit – the misappropriation of $5.2 million – was precipitated by a Florida escrow agent. *Id.* at *6. Unlike in *Int'l Underwriters*, there is no overt act alleged to have occurred in Florida. The film was shot in Cuba and Spain. The License Agreement was negotiated and executed between the co-defendants Netflix and Orange, who are in California and France, respectively. The film was distributed nationally, but no party engaged in any conduct specifically aimed at Florida.

Even if *Int'l Underwriters* was on point, the Court must follow *Walden v. Fiore*, 571 U.S. 277, 284-285 (2014), as the Magistrate Judge correctly noted. In *Walden*, the Supreme Court states that "[the] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion to jurisdiction." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)). *Walden* emphasizes that a defendant's contacts with another party who has contacts with the forum cannot form the basis of minimum contacts. The proper personal jurisdiction inquiry here is not the Foreign Defendants' contacts with Netflix, but the Foreign Defendants' contacts with Florida. Here, the Foreign Defendants' alleged conspiracy with Netflix is not enough under *Walden*. Moreover, *Madara v. Hall*, 916 F.2d 1510 (11th Cir. 1990) supports the holding that the Foreign Defendants' awareness that Netflix would publish in Florida is insufficient to support personal jurisdiction. *Id.* at 1517 ("[The] proper exercise of personal jurisdiction is not the ability to see that the acts of third persons may affect the forum, but rather that the defendant's own purposeful acts will have some effect in the forum.") Here, the evidence does not show the Foreign Defendants engaged in their own purposeful acts in the forum. Therefore, Judge Goodman correctly found the alleged conspiracy insufficient to establish personal jurisdiction. He aptly concludes in his report that "including a conspiracy claim does not operate as a jurisdictional net which captures all defendants in its embrace."

Plaintiffs' objections also argue that this case is like *Calder v. Jones*, 465 U.S. 783 (1984), where the Supreme Court found personal jurisdiction in California because the libel was directed at the plaintiff in California. Plaintiffs argue this film is about actions that occurred in Miami, Florida and therefore, the Foreign Defendants purposefully availed themselves of the Florida forum. This case, however, does not meet the *Calder* effects test. In *Calder*, the

publication at issue, the *National Enquirer*, had most of its circulation in California and the defendant in *Calder* reached out to sources in California. Undoubtedly, the *Calder* defendants "expressly aimed" "their intentional, and allegedly tortious, actions" at California because the *National Enquirer* had its largest circulation there. *Walden*, 571 U.S. at 286-288 n.7. Unlike the *National Enquirer*, Netflix does not have more circulation in Florida than it has in other states and the Foreign Defendants did not contact sources in Florida. Therefore, the Court agrees with the Report that unlike *Calder*, Plaintiffs have provided insufficient evidence that the Foreign Defendants intended to purposefully exploit the Florida market. As the Magistrate Judge noted: "[a]t most, Plaintiffs established that the Foreign Defendants had a general desire that the Film be published in the United States (which would include Florida – along with 49 other states)." Accordingly, the Court affirms the Report and Recommendations and dismisses the Foreign Defendants without prejudice for lack of personal jurisdiction.

DONE AND ORDERED in Chambers at Miami, Florida, this 15 of August 2023.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Jonathan Goodman

Counsel of Record