UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:22-21796-CIV-MORENO/GOODMAN

JOSE BASULTO, and BROTHERS TO
THE RESCUE, INC.,

      Plaintiffs,

v.

NETFLIX, INC., a Delaware corporation,
et al

      Defendants.
_____/

**POST-HEARING ORDER RE: INJUNCTIVE RELIEF DEMAND**

      In their Complaint, Plaintiffs seek injunctive relief, in addition to damages. Specifically, they seek a permanent injunction (prohibiting Netflix from making *The Wasp Network* film available for streaming or in any other format in its current form) and, alternatively, a mandatory permanent injunction (requiring Netflix to edit the film to delete the references in the film being "based on true events" from any version made available for streaming or in any other format).

      Let's assume the following:

      1.    The Court were to conclude that at least one of the allegedly defamatory scenes outlined in paragraphs 107(a) through (o) are defamatory and are sufficiently "about" the Plaintiffs;

2. The Court were to conclude that both Plaintiffs are, at a minimum, limited-purpose public figures for the issues addressed in the film; and

3. The Court were to conclude that Netflix did not act with the requisite "actual malice," as required by *N.Y. Times Co. v. Sullivan*, 376 U.S. 254 (1964) and its progeny.

Given that this hypothetical involves docudrama movie scenes which a Court has determined are, in fact, defamatory, are Plaintiffs able to obtain injunctive relief of either type even if Netflix did not act with actual malice when it decided to publish the film by making it available on its streaming platform? Phrased differently, is the legal principle prohibiting prior restraints applicable when a defamation lawsuit has been litigated in a summary judgment forum and a Court has concluded that some of the statements at issue are false and otherwise defamatory?

The Parties shall submit a double-spaced memorandum answering these two related questions by August 25, 2023. There is a five-page limit, excluding signature block and certificate of service.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, on August 16, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All Counsel of Record