UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-cv-21796-FAM

JOSE BASULTO, an individual, and
BROTHERS TO THE RESCUE, INC. a
Florida not-for-profit corporation,

       Plaintiffs,

v.

NETFLIX, INC., a Delaware corporation,
ORANGE STUDIO, S.A., a French Société
Anonyme, OLIVIER ASSAYAS, an individual,
NOSTROMO PICTURES, SL, a Spanish
Sociedad Limitada, US ONE COMÉRCIO
E SERVIÇOS DE CRIAÇÃO E PRODUÇÃO
DE OBRAS COM DIREITOS AUTRAIS, LTD, a
Brazilian Sociedade Limitada, CG CINEMA
INTERNATIONAL, a French Société à
responsabilité limitée, RODRIGO
TEIXEIRA, an individual, CHARLES GILLIBERT,
an individual, and LOURENCO SANT'ANNA, an
individual,

       Defendants.
_____/

## PLAINTIFFS' MEMORANDUM REGADING INJUNCTIVE RELIEF

Plaintiffs JOSE BASULTO ("Basulto") and BROTHERS TO THE RESCUE, INC. ("BTR") (collectively, "Plaintiffs"), by and through undersigned counsel, hereby file their *Memorandum Regarding Injunctive Relief* and, in support thereof, states as follows:

This Memorandum is in response to the following Question submitted by the Court, contained in ECF No. 263:

> **In their Complaint, Plaintiffs seek injunctive relief, in addition to damages. Specifically, they seek a permanent injunction (prohibiting Netflix from making *The Wasp Network* film available for streaming or in any other format in its current form) and, alternatively, a mandatory permanent**

1

**injunction (requiring Netflix to edit the film to delete the references in the film being "based on true events" from any version made available for streaming or in any other format).**

**Let's assume the following:**

1. **The Court were to conclude that at least one of the allegedly defamatory scenes outlined in paragraphs 107(a) through (o) are defamatory and are sufficiently "about" the Plaintiffs;**

2. **The Court were to conclude that both Plaintiffs are, at a minimum, limited-purpose public figures[1] for the issues addressed in the film; and**

3. **The Court were to conclude that Netflix did not act with the requisite "actual malice," as required by *N.Y. Times Co. v. Sullivan*, 376 U.S. 254 (1964) and its progeny.**

**Given that this hypothetical involves docudrama movie scenes which a Court has determined are, in fact, defamatory, are Plaintiffs able to obtain injunctive relief of either type even if Netflix did not act with actual malice when it decided to publish the film by making it available on its streaming platform? Phrased differently, is the legal principle prohibiting prior restraints applicable when a defamation lawsuit has been litigated in a summary judgment forum and a Court has concluded that some of the statements at issue are false and otherwise defamatory?**

*See* ECF No. 263.

The answer to the two questions are: (1) Yes, Plaintiffs are able to obtain injunctive relief even if Netflix did not act with actual malice; (2) No, the legal principle prohibiting prior restraints is not applicable when a defamation lawsuit has been litigated in a summary

---

[1] As Plaintiffs argued during the hearing on Netflix's Motion for Summary Judgment, *Wolston v. Reader's Digest Assn.*, 443 U.S. 157, 167 (U.S. 1979) establishes that, "A private individual is not automatically transformed into a public figure just by becoming involved in or associated with a matter that attracts public attention." *Wolston*, 443 U.S. 157, 167 (U.S. 1979). In *Wolston* the Supreme Court held that the plaintiff was not a limited public figure because, while the plaintiff was involved in the events at issue, the plaintiff did not enter a controversy "in an attempt to influence the resolution of the issues." *Id.* at 164. Here, Plaintiffs are not limited public figures because there is no record evidence that they attempted to influence the resolution of any controversy. Were all the dozens of BTR pilots, or the other non-party surviving co-pilots of Cuba's shootdown of BTR planes on February 24, 1996 public figures merely by virtue of being BTR pilots? Of course not.

2

judgment forum and a Court has concluded that some of the statements are false and defamatory.

### I.      Plaintiffs have a legal right not to be defamed

"Any person…has a right not to be defamed. *Locke v. Taylor*, 2008 WL 1994849 * 5 (N.D. Fla. 2008). Thus, since injunctive relief is provided where there is a legal right to the relief, Plaintiffs are entitled to their requested injunctive relief without being required to show any level of fault, or malice, regardless of whether or not Plaintiffs are public figures. *See e.g. Millennium Communications & Fulfillment, Inc. v. Office of Attorney General*, 761 So.2d 1256 (Fla. 3rd DCA 2000) ("Injunctive relief ….should not be granted absent a showing of irreparable harm[2]; a clear legal right to the relief requested or substantial likelihood of success on the merits; an inadequate remedy at law; and considerations of public interests."); *Zur v. Degani*, 629 So. 2d 244, 245 (Fla. 3d DCA 1993); ("(T)he essential criteria for a temporary mandatory injunction [is] (1) irreparable harm, (2) a clear legal right, (3) an inadequate remedy at law, and (4) consideration of public interest."); *Wilson v. Sandstrom*, 317 So.2d 732, 735 (Fla. 1975) ("[A]s a general rule…a temporary mandatory injunction is proper where irreparable harm will otherwise result, the party has a clear legal right thereto, and such party has no adequate remedy at law.").

Further, "[D]efamatory speech is not protected by the First Amendment." *In re Conservatorship of Turner*, 2014 WL 1901115 *19 (Tenn. App. 2014). This is an additional reason why Plaintiffs should not be required to prove any level of fault, or malice, in order to obtain their requested injunctive relief, regardless of whether or not Plaintiffs are public figures.

Plaintiffs are also not limited public figures, as elucidated in Footnote 1.

---

[2] Plaintiffs allege that the Film has caused them irreparable harm, an allegation not addressed in Netflix's Motion for Summary Judgment. *See eg*. ECF No. 1, Complaint at ¶19.

3

### II. An injunction prohibiting speech already found to be defamatory by the trier of fact is not an invalid prior restraint

An "injunction prohibiting speech already found defamatory by the jury is not an invalid prior restraint when a judgment for monetary damages would not afford the plaintiff effective relief from a continuing pattern of defamation." *Deligdish v. Bender*, 2023 WL 5016547 *12 (M.D. Fla. 2023) (*citing Ward v. Triple Canopy, Inc.*, 2017 WL 3149431 *5 (M.D. Fla. 2017). Indeed, Courts have adopted the "modern rule [which holds] that defamatory speech may be enjoined after a determination that the speech is, in fact, false. We are persuaded by the argument that, because defamatory speech is not protected by the First Amendment, such an injunction does not violate the amendment's guarantee of free speech." *In re Conservatorship of Turner*, 2014 WL 1901115 *19 (Tenn. App. 2014). *See also McCarthy v. Fuller*, 810 F.3d 456, 464 ("An emerging modern trend, however, acknowledges the general rule but allows for the possibility of narrowly tailored permanent injunctive relief as a remedy for defamation as long as the injunction prohibits only the repetition of the specific statements found at trial to be false and defamatory."); *Hill v. Petrotech Resources Corp.*, 325 S.W.3d 302, 308 (Ky. 2010) ("The recognition that false, defamatory speech is unprotected by the First Amendment has resulted in the development of a modern, superseding rule concerning the enjoining of defamatory speech. Under the modern rule, once a judge or jury has made a final determination that the speech at issue is defamatory, the speech determined to be false may be enjoined.")

Accordingly, should this Court determine that the Film is defamatory to Plaintiffs, then Plaintiffs should be permitted to recover injunctive relief at trial. Indeed, every time the Film is published, Plaintiffs are defamed in the precise manner that has been found to be defamatory (in the event such a finding is made). Further, an injunction prohibiting the Film's publication would

4

be narrowly tailored because the defamation at issue is contained in the Film. Also, the Court may narrowly tailor an appropriate injunction.

Dated: August 25, 2023.                    Respectfully submitted,

                                    **HIRZEL DREYFUSS & DEMPSEY, PLLC**
*Counsel to Plaintiffs*
121 Alhambra Plaza, Suite 1500
Miami, Florida 33129
Telephone: (305) 615-1617

By: /s/*Andre Dreyfuss*
    **LEON F. HIRZEL**
    Florida Bar No. 085966
    hirzel@hddlawfirm.com
    **ANDRE L. DREYFUSS**
    Florida Bar No. 0094868
    dreyfuss@hddlawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed on August 25, 2023, via CM/ECF, which will generate Notices of Electronic Filing to all counsel of record.

By: /s/*Andre Dreyfuss*
    **ANDRE DREYFUSS**