UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:22-cv-21796-Moreno/Goodman

JOSE BASULTO, an individual, and
BROTHERS TO THE RESCUE, INC., a
Florida not-for-profit corporation,

       Plaintiffs,

v.

NETFLIX, INC., a Delaware corporation,
ORANGE STUDIOS, S.A., a French anonymous society,
OLIVIER ASSAYAS, an individual, NOSTROMO
PICTURES, SL, a Spanish corporation, US ONE
COMERCIO E SERVICIOS DE CRIACAO E
PRODUCAO DE OBRAS COM DIREITOS
AUTORAIS, LTD, a Brazilian limited company,
CG CINEMA, SASU, a French simplified
joint stock company, RODRIGO TEXIEIRA,
an individual, CHARLES GILLIBERT, an individual,
and LOURENÇO SANT'ANNA, an individual,

       Defendants.
_____/

**DEFENDANT NETFLIX, INC.'S MEMORANDUM OF LAW IN
RESPONSE TO POST-HEARING ORDER RE: INJUNCTIVE RELIEF DEMAND**

Pursuant to the Post-Hearing Order Re: Injunctive Relief Demand dated August 16, 2023 [D.E. 263] (the "Order"), Defendant Netflix, Inc. ("Netflix") respectfully submits this memorandum of law answering the Court's questions.

**PRELIMINARY STATEMENT**

Plaintiffs would not be entitled to obtain injunctive relief if the Court were to find: (1) that at least one of the allegedly defamatory scenes outlined in paragraphs 107(c), (d), (e), (f), (g), (h), (i), (j) or (n) (the remaining allegations and scenes at issue following summary judgment briefing) is defamatory and is sufficiently "about" the Plaintiffs; (2) that both Plaintiffs are, at a minimum,

1

limited-purpose public figures for the issues addressed in the Film; and (3) that Netflix did not act with the requisite "actual malice" as required by *N.Y. Times Co. v. Sullivan*, 376 U.S. 254 (1964) and its progeny.  (D.E. 263 at 1-2.)

Without clear and convincing evidence of actual malice, Netflix cannot be liable for defamation.  A finding that a scene in the Film is defamatory would instead be mere dictum.  Without a finding of liability, there can be no remedy.  Injunctive relief is a form of remedy.  The extraordinary remedy of enjoining speech in the Film, therefore, could not be granted.

In light of the foregoing, the Court's related question as to whether the legal principle prohibiting prior restraints applies after an adjudication at summary judgment that certain statements are false and otherwise defamatory is moot.  In any event, any injunction on future speech is a prior restraint, and it is an open constitutional question as to whether such an injunction is ever permissible, even where the speech has been adjudicated to be defamatory.

## ARGUMENT

### I. A Finding That Netflix Did Not Act with Actual Malice Precludes Relief

"Because of the expressive freedom guaranteed by the First Amendment," when a defamation plaintiff is a public figure, there can be no finding of liability as a matter of law without clear and convincing proof of actual malice.  *Berisha v. Lawson*, 973 F.3d 1304, 1310 (11th Cir. 2020).  In the absence of actual malice, questions of falsity, substantial truth and defamatory content become moot.  *See, e.g.*, *id.* at 1312 (explaining that a public figure plaintiff "cannot prevail" in defamation suit "unless he shows, by clear and convincing evidence, that the defendants acted with actual malice"); *Counterman v. Colorado*, 143 S. Ct. 2106, 2115 (2023) ("[A] public figure cannot recover for the injury [a defamatory] statement causes unless the speaker acted with

'knowledge that it was false or with reckless disregard of whether it was false or not.'") (quoting *N.Y. Times*, 376 U.S. at 280).

The Court assumes in its hypothetical that Plaintiffs fail to establish actual malice by Netflix. That means, as a matter of law, Plaintiffs could not be awarded any remedy, including injunctive relief. *See Medina v. City of Hialeah*, No. 02-20957-CIV, 2003 WL 1562281, at *2-3 (S.D. Fla. Mar. 24, 2003) (Moreno, J.) (granting summary judgment dismissal of defamation claim and, *sub silentio*, request for injunctive relief included therein because plaintiff failed to establish actual malice); *OAO Alfa Bank v. Ctr. For Pub. Integrity*, 387 F. Supp. 2d 20, 56 (D.D.C. 2005) (same).

## II. Injunctive Relief Is Ordinarily Not Available for Defamation, and It Is an Open Constitutional Question Whether Permanent Injunctions Are Ever Permissible

"It is well settled under Florida law that equitable, injunctive relief is ordinarily not available for claims of defamation" due to concerns about impermissibly restraining speech under the First Amendment. *Grayson v. No Labels, Inc.*, No. 6:20-CV-1824-PGB-LHP, 2023 WL 2919911, at *5 (M.D. Fla. Jan. 17, 2023), *report and recommendation adopted,* No. 6:20-CV-1824-PGB-LHP, 2023 WL 2706733 (M.D. Fla. Mar. 30, 2023) (noting that "even if Plaintiff had prevailed on his claims, he would not have been able to obtain any equitable, injunctive relief"); *accord United Sanitation Servs. of Hillsborough, Inc. v. City of Tampa*, 302 So.2d 435, 439 (Fla. Dist. Ct. App. 1974) ("Even if [defamation were proven], there would be no basis for a failure to follow the well established rule that equity will not enjoin either an actual or a threatened defamation."). Plaintiffs cannot seriously contend that they are entitled to greater relief than would be available following success on the merits when, as here, their defamation claim fails.

Indeed, it is an open constitutional question whether permanent injunctions against speech are ever permissible under the First Amendment. "As a general matter, the First Amendment

3

forbids the government, including the Judicial Branch, 'from dictating what we see or read or speak or hear.'" *Sindi v. El-Moslimany*, 896 F.3d 1, 30 (1st Cir. 2018) (dissolving permanent injunction against speech adjudicated to be defamatory and published with actual malice) (quoting *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 245 (2002)). Many courts have suggested that the remedy "is *per se* unconstitutional," while others leave open the possibility that under some circumstances an injunction following trial could be permissible. *Id.*

The Supreme Court once granted *certiorari* to address this question, but ultimately disposed of the case on the ground that the injunction was overbroad following the death of the plaintiff, leaving the constitutional question unanswered. *See Tory v. Cochran*, 544 U.S. 734, 737-38 (2005). The Supreme Court did, however, determine that an injunction, even following an adjudication that the speech is defamatory, *is always* a prior restraint on future publication of that speech. *Id.* at 738. This holding accords with Florida law. *See Cate v. Oldham*, 707 F.2d 1176, 1186 (11th Cir. 1983) (noting that a "sanction imposed to prohibit" speech is a "burden on First Amendment freedoms"); *Moore v. City Dry Cleaners & Laundry*, 41 So. 2d 865, 873 (Fla. 1949) ("Section 13 of the Declaration of Rights, Constitution of Florida, declares that 'every person may fully speak and write his sentiments on all subjects…' In the absence of an express situation plainly requiring reasonable public regulation in the interest of human rights and safety, the right may not be denied or abridged. . . . The fact that statements made under such circumstances may prove, after publication, to be in fact untruthful will not create an exception to the rule stated.").

And a permanent injunction does not, and cannot, account for the multitude of contextual factors that may affect whether the speech is protected and may consequently chill speech unnecessarily and impermissibly. 1 Hon. Robert D. Sack, *Sack on Defamation* § 10:6.1 (5th ed. 2017) (listing ways in which a permanent injunction may improperly chill speech in violation of

the First Amendment). Courts thus typically refuse to grant permanent injunctions regarding speech in any circumstance, even where liability for defamation has been found. *See Cochran*, 544 U.S. at 737-38 (dissolving permanent injunction as overbroad); *Sindi*, 896 F.3d at 30 (same); *see also Grayson*, 2023 WL 2919911 at *5 ("[E]ven if Plaintiff had prevailed on his claims, he would not have been able to obtain any equitable, injunctive relief[.]"); *United Sanitation Servs. of Hillsborough, Inc.*, 302 So.2d at 439 (same).

Here, of course, the question is moot because injunctive relief is unavailable to Plaintiffs in the Court's hypothetical where Plaintiffs failed to prove Netflix's liability for the speech at issue.

## CONCLUSION

For the foregoing reasons, Plaintiffs would be unable to obtain injunctive relief against the Film under the Court's hypothetical.

Dated: August 25, 2023                                Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: (786) 582-3010
Facsimile: (786) 582-3004

*s/ James G. Sammataro*
William L. Charron (admitted *pro hac vice*)
Tom J. Ferber (admitted *pro hac vice*)
James G. Sammataro
Florida Bar No. 520292
Felicity S. Kohn (admitted *pro hac vice*)
tferber@pryorcashman.com
wcharron@pryorcashman.com
jsammataro@pryorcashman.com
fkohn@pryorcashman.com

*Attorneys for Defendant Netflix, Inc.*

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 25, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send Notices of Electronic Filing to all counsel of record.

*s/ James G. Sammataro*
James G. Sammataro
